IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Anthony Levern Howard, | ) | C.A. No. 3:10-2514-CMC-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| Jeffery Howard, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on November 16, 2010. For the reasons set forth below, the Report is adopted and this action is dismissed for lack of subject matter jurisdiction. This dismissal is, therefore, without prejudice to refiling in an appropriate (non-federal) jurisdiction.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se* and has filed a motion to proceed *in forma pauperis*, seeks damages for the alleged theft and conversion of a Social Security Disability Income check. The check was in the amount of $1,809, and, apparently, came into Defendant's possession because he was the payee representative. The Report recommended that the matter be dismissed without prejudice and prior to service because this court lacks subject matter jurisdiction over the dispute. This is because the theft of the Social Security check does not give rise to any private right of action and the allegations do not support the exercise of diversity jurisdiction or suggest any other basis for asserting federal subject matter jurisdiction.[1]

Plaintiff was advised of his right to object to this recommendation. He did not file any objection despite passage of the time allowed for doing so. The court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the Report in full.

**CONCLUSION**

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice to refiling of the action in a proper (non-federal) forum.

IT IS SO ORDERED.

                                                    s/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 6, 2010

---

[1] While there is no private right of action, theft of a Social Security check does constitute a federal crime. *See* 18 U.S.C. § 641 (making it a crime to embezzle, steal, or convert "any record, voucher, money or thing of value of the United States or of any department or agency thereof"); *United States v. Gill*, 193 F.3d 802 (4th Cir. 1999) (finding that conversion of beneficiary's Social Security disability check constituted a violation of this section).

2